IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-58-BR-1
No. 7:16-CV-319-BR

| | |
|---|---|
| GARY DEAN CHAVIS, )<br>)<br>Petitioner, )<br>) | |
| v. ) | SUPPLEMENTAL BRIEFING<br>RELATING TO PETITIONER'S<br>MOTION UNDER 28 U.S.C. § 2255 |
| )<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, submits this supplemental briefing relating to Petitioner's motion under § 2255 to vacate, set aside, or correct his sentence ("Section 2255 Motion") [D.E. 125], pursuant to the Court's August 27, 2019, Text Order directing the parties to submit supplemental briefing.

## SUMMARY OF ARGUMENT

The Petitioner and his co-defendants engaged in a criminal conspiracy to rob cash from ATM machines. The burglary team used an explosive device to gain entry to the store or kiosk that housed the ATM and then used a second explosive device to gain entry into the ATM. Petitioner and his co-defendants were charged as follows in a three-count indictment: (i) arson, and attempt to commit arson, by means of explosive; (ii) conspiracy to commit arson by means of explosive; and (iii) possession

1

of a firearm (in this case an explosive device)[1] in furtherance of a crime of violence in violation of Section 924(c). Petitioner pleaded guilty to the Section 924(c) charge, specifically admitting that he attempted to destroy "a building used in interstate commerce by fire and explosive materials" in violation of 18 U.S.C. § 844(i) [D.E. 73 at ¶ 3(a)(3)]. As part of the plea agreement, the Government agreed to dismiss the two remaining arson counts at sentencing. Id. at ¶ 4(a).

Based on the Supreme Court's ruling in United States v. Davis, 139 S. Ct. 2319, 2336 (2019), arson by means of explosive, as charged in this case,[2] cannot serve as a predicate violent crime supporting a Section 924(c) charge. Consequently, the Government concedes that the Petitioner's Section 924(c) conviction can no longer stand. However, because Petitioner's guilty plea necessarily included an admission of guilt to the lesser-included arson offense, the Court should substitute that predicate offense for the vacated count. See Rutledge v. United States, 517 U.S. 292, 305-06 (1996); United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). The Government further requests a re-sentencing based on the lesser-included offense.[3]

---

[1] For purposes of Section 924(c), firearm is defined to include any "destructive device," which, in turn, is defined to include any explosive. 18 U.S.C. § 921(a)(4) and (5).

[2] Though not at issue in this case, it is the Government's position that arson does constitute a "crime of violence" under the "Force Clause" if the § 844(i) charge included the "death resulting from" enhancement or if the arson charge was made pursuant to Section 844(h), which covers arson of Government property.

[3] As an alternative argument, should the Court not allow substitution of the admitted lesser-included offense, the Government reserves the right to seek to reinstate Counts 1 and 2 pursuant to 18 U.S.C. § 3296.

# FACTUAL AND PROCEDURAL SUMMARY

## I. Criminal Conduct

During the weeks leading up to December 4, 2006, Petitioner and his three co-defendants[4] committed, or attempted to commit, robberies of a number of ATM machines. Presentence Investigation Report ("PSR") at ¶¶ 11-15. The burglary team's modus operandi was to use dynamite, blasting caps, and a motorcycle battery to set off an explosive to gain entry to the store or kiosk housing the ATM. Id. at ¶ 5. The team then used the same procedure to gain entry into the ATM. Id.

Petitioner and his three co-conspirators broke into a Food Lion in Fayetteville, North Carolina, intending to rob an ATM, but aborted the mission when an alarm went off. Id. at ¶ 12. Petitioner and two of his co-conspirators (Chavis and Lowery) also broke into a Food Lion ATM in Pembroke, North Carolina, and stole $8,000. Id. at ¶ 13. Petitioner and his three co-conspirators then broke into a Food Lion ATM in Lumberton, North Carolina, and stole $3,500. Id. at ¶ 14. Petitioner and his three co-conspirators also robbed a Food Lion ATM in Laurinburg, North Carolina, and stole $2,000. Id. at ¶ 15.

On December 3, 2006, Petitioner and two of his co-conspirators (Lowery and Casey Oxendine) attempted to rob the ATM located in the parking lot of the Time Saver Convenience Store ("Time Saver") in Carlton, North Carolina. Id. at ¶ 7. After several unsuccessful attempts to detonate an explosive to gain entry into the

---

[4]Petitioner's co-defendants are Casey Oxendine, Keith Oxendine, and Jody Dwayne Lowery. See Indictment at D.E. 1.

3

ATM kiosk, the burglary team aborted the mission. Id. It was later determined that the blasting cap wires were not insulated and caused a short circuit preventing the dynamite from detonating. Id. At this point, the burglary team agreed to return to rob the ATM in Time Saver's parking lot the following night and then found a convenient store to rob. Id. at ¶¶ 7, 14. After breaking a window to gain entry into the convenience store, an alarmed sounded and the burglary team had to abort the robbery. Id. at ¶ 14.

On December 4, 2006, Petitioner and his three co-defendants detonated an explosive device to gain entry to the ATM kiosk located in the Time Saver's parking lot. Id. at ¶5. The burglary team then detonated a second explosive device in an attempt to gain entry to the ATM machine vault (where the cash is stored). Id. Although they were able to get the handle and dial off the ATM vault, they could not gain entry to the portion of the vault holding the cash and fled the scene. Id.

Based on a witness' description of the fleeing suspects and their vehicle, deputies from the Bladen County Sheriff's Department were able to locate the fleeing vehicle and make arrests. Id. at ¶ 6. At the time of the arrests, law enforcement recovered the following from the getaway car: a bloody pair of gloves (Petitioner and Lowery had cuts on their hands), pry bars, a motorcycle battery, marijuana, and a mask. Id. In addition, a handgun and ammunition belonging to the Petitioner was recovered at the scene. Id. On December 7, 2006, local and federal law enforcement conducted a search of Petitioner's residence during which they located two handguns and ammunition. Id. at ¶ 8.

4

## II. Procedural History

   a. <u>Felon in Possession Case – Criminal Case No. 7:07-CR-7-FL</u>.

In a proceeding charged separately from this case, a federal grand jury returned an indictment on January 17, 2007, charging the Petitioner with being a felon in possession of a firearm. <u>U.S. v. Chavis</u>, Criminal Case No. 7:07-CR-7-FL (EDNC) ("Case No. 7:07-CR-7") [D.E. 11]. The felon in possession case, which was initially assigned to Judge Flanagan, was based on Petitioner's possession of the handguns seized during the December 7, 2006, search of his residence. Case No. 7:07-CR-7 [D.E. 11]. The indictment also contained an allegation that Petitioner had at least three previous violent crime convictions for purposes of the Armed Career Criminal Act. <u>Id</u>.; 18 U.S.C. § 924(e).

On March 19, 2007, Petitioner pleaded guilty, pursuant to a written plea agreement, to the one-count indictment. Case No. 7:07-CR-7 [D.E. 18 ¶ 2(a)]. Due to his Armed Career Criminal enhancement, Petitioner faced a minimum term of 180 months imprisonment. PSR at ¶ 72.

   b. <u>Arson and Section 924(c) Case – Criminal Case No. 7:07-CR-58-BR</u>.

On May 9, 2007, a federal grand jury returned an indictment charging the Petitioner, Lowery, Casey Oxendine, and Keith Oxendine, as follows: (a) Count 1 - maliciously damaging, and attempting to damage, property by means of fire or explosive, and aiding and abetting the same, in violation of 18 U.S.C. §§ 844(i) and 2; (b) Count 2 – conspiracy to commit arson by means of fire or explosive in violation of

5

18 U.S.C. § 844(n); and (c) Count 3 – possession of a destructive device in furtherance of a crime of violence as alleged in Counts 1 and 2, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 [D.E. 1]. Because the Section 924(c) charge involved a destructive device, it carried a consecutive term of 30 years' to life imprisonment. 18 U.S.C. § 924(c)(1)(B)(ii).

On July 9, 2007, Petitioner pleaded guilty, pursuant to a written plea agreement, to Count 3 (Section 924(c) charge) and the Government agreed to dismiss Counts 1 and 2 at sentencing [D.E. 67 at ¶¶ 2(a) and 4(a)]. As set forth in the written plea agreement, Petitioner specifically admitted that he possessed of a destructive device "in furtherance of a crime of violence, specifically, attempted destruction of a building used in interstate commerce by fire and explosive materials." Id. at ¶ 3(a)(3).

      c. <u>Consolidated Sentencing Hearing</u>.

On July 19, 2007, the Court granted Petitioner's Motion to Consolidate his felon in possession case (Case No. 7:07-CR-7) with the instant case. Case No. 7:07-CR-7 [D.E. 24]. As to the felon in possession case, the PSR computed Petitioner guideline range as 180-210 months. PSR at ¶ 72. As to his plea to the Section 924(c) charge in his arson case, the PSR computed his guideline range to be 360 months, the statutory minimum, to be served consecutive to any other term of imprisonment. PSR at ¶ 73. A consolidated sentencing hearing for the two cases was held on November 6, 2007. The Court imposed a sentenced of 180 months' imprisonment on the felon in possession charge (Case No. 7:07-CR-7) and a below-

6

guideline sentence of 225 months' imprisonment on the Section 924(c) charge, to be served consecutive with the felon in possession charge [D.E. 89 at 3].

### d. Petitioner's Collateral Challenges

On August 20, 2012, Petitioner filed a Section 2255 Motion challenging the imposition of an Armed Career Criminal sentence on his felon in possession charge due to the Fourth Circuit's ruling in United States v. Simmons, 635 SF.3d 140 (4th 2011) [Case No. 7:07-CR-7-FL at D.E. 30, 32]. The Government filed a response conceding the Simmons issue [Case No. 7:07-CR-7 at D.E. 36] and the Court vacated Petitioner's initial sentence on the felon in possession charge and scheduled the case for resentencing [Case No. 7:07-CR-7 at D.E. 37]. On January 14, 2013, the Court held a re-sentencing hearing and imposed an amended sentence of 52 months on the felon in possession count to "run consecutively to the sentence imposed on Count 3 [225 months] in case 7:07-CR-58-1BR" [Case No. 7:07-CR-7 at D.E. 49].

On September 12, 2016, Petitioner filed a Section 2255 Motion seeking to vacate his Section 924(c) conviction in light of Johnson v. United States, 135 S.Ct. 2551 (2015) [D.E. 144]. Petitioner argues that arson by means of explosive device no longer constitutes a crime of violence for purposes of a Section 924(c) charge and, therefore, his conviction must be vacated [D.E. 144 at 5]. On November 18, 2016, the Court issued an Order staying the case pending decisions of the Fourth Circuit Court of Appeals in United States v. Walker, No. 15-4301, 2019 WL 3756052 (4th Cir. 2019), and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc) [D.E. 152]. On August 27, 2019, the Court made a docket entry lifting the stay in this matter and

directing the parties to submit supplemental briefing.

## ARGUMENT

**I. The Government concedes that arson by means of an explosive, as charged in this case, no longer qualifies as a "crime of violence" for purposes of Section 924(c) and, therefore, Petitioner's Section 924(c) conviction should be vacated.**

Petitioner was charged in a three-count indictment with aiding and abetting the commission of arson by means of explosive, conspiracy to commit arson by means of explosive, and aiding and abetting the possession of an explosive device in furtherance of a crime of violence (arson and conspiracy to commit arson) in violation of Section 924(c). Petitioner pleaded guilty to the Section 924(c) charge and specifically admitted that he "attempted destruction of a building used in interstate commerce by fire and explosive materials" [D.E. 67 at ¶ 3(a)(3)]. Petitioner challenges whether arson by means of explosive constitutes a "crime of violence" for purposes of Section 924(c). Following the Supreme Court's ruling in <u>Davis</u>, the Government concedes that Section 844(i) arson, as charged here,[5] does not constitute a crime of violence supporting a Section 924(c) charge.

In order to constitute a "crime of violence" for purpose of a predicate offense supporting a Section 924(c) charge, arson must to fall within the definition of "crime of violence" contained in Section 924(c). Section 924(c)(3) defines "crime of violence"

---

[5] Though not in issue here, it is the Government's position that a Section 844(i) arson charge that uses the "death resulting" enhancement and a Section 844(h) arson charge still constitute crimes of violence under the "force clause" of Section 924(c).

8

as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is referred to as the "Force Clause," while Section 924(c)(3)(B) is often referred to as the "Residual Clause."

Section 844(i) makes it a crime to "maliciously damage[] or destroy[] . . . by mean of fire or explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce." Because this statute covers arson of a defendant's own property, it does not categorically require the use of "physical force against the person or property of another." As charged here, Section 844(i) does not constitute a "crime of violence" under the "Force Clause."

In <u>Davis</u>, 139 S. Ct. at 2336, the Supreme Court held that the "Residual Clause" of Section 924(c) is unconstitutionally vague. Thus, any argument that arson constitutes a "crime of violence" under the "Residual Clause" fails and Petitioner's Section 924(c) conviction must be vacated.

**II.  The Court should substitute the lesser-included predicate offense for the vacated Section 924(c) charge and re-sentence Petitioner on such charge.**

Because Petitioner's guilty plea necessarily included an admission to all of the elements of his predicate arson offense, the Court should substitute the predicate arson offense for the vacated count. <u>See, e.g. Randall</u>, 171 F.3d at 205 ("[p]roof of a

9

predicate offense is an essential element of a § 924(c) violation"); Rutledge, 517 U.S. at 305-06; United States v. Sepulveda-Hernandez, 752 F.3d 22, 28-29 (1st Cir. 2014); United States v. Skipper, 74 F.3d 608, 611-612 (5th Cir. 1996); United States v. Smith, 13 F.3d 380, 383 (10th Cir. 1993); United States v. Figueroa, 666 F.2d 1375, 1380 (11th Cir. 1982); United States v. Swiderski, 548 F.2d 445, 452 (2nd Cir. 1977).

The Government requests a new sentencing hearing on the substituted count in order to account for the impact of the Section 924(c) dismissal. If the Court denies the Government's request to substitute the lesser-included predicate offense as the count of conviction, the Government reserves the right to seek to reinstate the arson related counts dismissed pursuant to Petitioner's agreement to plead guilty to the Section 924(c) count. Pursuant to 18 U.S.C. § 3296, the Government would have 60 days from the date of an order vacating Petitioner's guilty plea to determine whether to move the Court to reinstate the dismissed counts.

## **CONCLUSION**

For the foregoing reasons, the Court should vacate the Petitioner's Section 924(c) conviction due to Davis, substitute the lesser-included predicate arson offense (to which Petitioner admitted guilt), and hold a new sentencing hearing on the remaining arson count.

10

Respectfully submitted, this 18th day of October, 2019.

          ROBERT J. HIGDON, JR.
          United States Attorney

By:   /s/ Dennis M. Duffy
       DENNIS M. DUFFY
       Assistant United States Attorney
       Civil Division
       150 Fayetteville Street
       Suite 2100
       Raleigh, NC 27601
       Telephone: (919) 856-4530
       Email: dennis.duffy@usdoj.gov
       N.C. Bar # 27225
       Attorney for United States of America

CERTIFICATE OF SERVICE

I do hereby certify that I have this 18th day of October, 2019, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

Sherri R. Alspaugh
Counsel for Petitioner

Gary Dean Chavis, Jr.
70203-056
USP Atwater
P.O. Box 019001
Atwater, CA   95301

BY:   /s/ Dennis M. Duffy
DENNIS M. DUFFY
Assistant United States Attorney
Civil Division
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Email: dennis.duffy@usdoj.gov
N.C. Bar # 27225
Attorney for United States of America