UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NOS. 7:07-CR-58-BR-1
7:16-CV-319-BR

GARY DEAN CHAVIS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

**RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEFING**

Petitioner Casey Chavis responds to the government's supplemental briefing relating to the motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (DE-186). The United States concedes that Mr. Chavis's sole count of conviction—the § 924(c) count on Count Three—is now void because under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), arson is not a "crime of violence." The government likewise acknowledges that Counts One (alleging arson) and Two (alleging conspiracy to commit arson) were dismissed pursuant to a plea agreement. Nonetheless, the government asks this Court to resurrect the dismissed arson count and engage in the fiction that Mr. Chavis pled guilty to that offense even though the government itself agreed to dismiss that very charge (Count One) as part of the plea agreement in this case. The government claims that this Court has authority to do so because arson is a lesser-included offense of the § 924(c) conviction.

But this Court has no such authority to revive and reinstate this now-dead charge which the government (on its own volition) agreed to dismiss. There are at least two

1

reasons why this Court cannot do so. *First*, as the Fourth Circuit held in *United States v. Adams*, 814 F.3d 178, 185 (4th Cir. 2016), a court cannot reinstate a charge which the government dismissed as a part of the plea bargaining process in response to a "meritorious claim of actual innocence" on the charge of conviction. *Id*. The Fourth Circuit sternly warned that to do so would be "punish[ing] a person because he has done what the law plainly allows him to do." *Id*. (quoting *United States v. Goodwin*, 457 U.S. 368, 372 (1982)). This is "a due process violation of the most basic sort." *Adams*, 814 F.3d at 185. With that said, in *Adams*, the Fourth Circuit refused to reinstate dismissed charges after vacating an offense of conviction for which the defendant was actually innocent. *Id*. This Court must do the same here because, as further explained below, Mr. Chavis is actually innocent of the now-void § 924(c) conviction to which he pled guilty.

*Second*, Mr. Chavis is entitled to hold the government to its promise with respect to the dismissed charges. The government cannot now rescind the plea agreement and reinstate counts it agreed to dismiss. This is so because when the government entered into the agreement, it "bore the risk that a change in the relevant substantive law would afford [Mr. Chavis] the right to be released." *United States v. Sandoval-Lopez*, 122 F.3d 797, 801 (9th Cir. 1997). Indeed, it is well settled that "changes in the law generally do not permit either the government or a criminal defendant to renege on a plea agreement." *United States v. Bradley*, 400 F.3d 459, 463-64 (6th Cir. 2005); *see also United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014) ("the possibility of a favorable change in law occurring after a plea is one of the normal risks that accompanies a guilty plea") (citation omitted). Therefore, this Court must vacate Mr. Chavis's § 924(c) conviction without resurrecting the arson charges.

# ARGUMENT

**A.** The plea agreement does not permit the government to renege on its promise to dismiss Counts One and Two and to no longer prosecute him where the government bore the risk that a change in the law might void Mr. Chavis's conviction.

Plea agreements are contracts. As the Supreme Court has explained, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). To ensure that each side receives the benefit of the bargain, courts enforce the plain language of a plea agreement "in its ordinary sense." *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016); *accord United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017) ("In determining what promises the government made, we read a plea agreement's plain language in its ordinary sense."). Any ambiguities in a plea agreement are construed against the government as the drafter. *United States v. Barefoot*, 754 F.3d 226, 246 (4th Cir. 2014).

"[T]he possibility of a favorable change in the law occurring after a plea is one of the normal risks" that accompanies plea bargaining. *United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014). Thus, a mistake of law underlying a plea agreement, resulting from a subsequent interpretation of the law, is not grounds for cancellation of the plea agreement because "a plea agreement, like any contract, allocates risk." *Id*. (citation omitted); *see also United States v. Bradley*, 400 F.3d 459, 460 (6th Cir. 2005) (noting that "changes in the law generally do not permit either the government or a criminal defendant to renege on a plea agreement").

Under the plain language of Mr. Chavis's plea agreement, the government agreed to dismiss Counts One and Two at sentencing. Plea Agreement at ¶ 4(a), DE-67. The

3

agreement contains no language permitting reinstatement of these counts. On the contrary, the government promised to "not further prosecute [Mr. Chavis] for conduct constituting the basis for the Indictment." *Id*. at ¶ 4(d). If the government wanted the ability to reinstate these counts, it had every opportunity to bargain for that right. It did not. As a result, the government bore the risk that the law might change in such a way as to favor Mr. Chavis. Thus, a change in the law rendering Mr. Chavis's conviction on Count Three void in no way relieves the government of its obligations under the plea agreement. *Archie*, 771 F.3d at 222; *see also McKeever v. Warden, SCI-Graterford*, 486 F.3d 81, 89 (3d Cir. 2007) ("In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.").

The Ninth Circuit's decision in *United States v. Sandoval-Lopez* is directly on point. 122 F.3d 797, 801 (9th Cir. 1997). There, the defendants each pled guilty to two Section 924(c) counts for using or carrying a firearm in furtherance of a drug trafficking offense. *Id*. at 798. In exchange, the government agreed to dismiss the separately charged drug trafficking counts. *Id*. Subsequent to the plea, in *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court narrowed the definition of the "use" of a firearm prong under § 924(c) to require "active employment." *Bailey* rendered the § 924(c) convictions void; therefore, the district court granted § 2255 relief by vacating the defendants' § 924(c) convictions. *Id*. at 798-99. But the district court also reinstated

4

the previously-dismissed drug trafficking counts, which were lesser-included offenses of the § 924(c) counts. *Id.* at 799.

The Ninth Circuit reversed the district court's reinstatement of the drug trafficking charges. The Court explained that the government could not rely on an unanticipated change in the law to get out of the plea agreement. *Id.* Rather, when the government entered into the plea agreement, it "should have known that comparable changes in the law occur from time to time." *Id.* at 801. The Court reasoned that "[n]otwithstanding the above, the prosecution chose to take the pleas on the [§ 924(c)] counts alone and failed to provide for any right to reinstate the drug charges should the gun count convictions subsequently be vacated." *Id.* at 802. As a result, the government "bore the risk that a change in the relevant substantive law would afford the defendants the right to be released." *Id.* at 801. Thus, the Ninth Circuit held that the government was stuck with the plea agreement, which in turn meant, that it had to stick "to its promise with respect to the dismissed drug counts." *Id.* at 800.

Finally, in *Sandoval-Lopez*, the Ninth Circuit made clear that "the defendants challenged only the validity of their convictions on the gun counts and did not attack the plea agreements themselves." 122 F.3d at 802. This stood in stark contrast to a voluntariness challenge to guilty pleas. "Such attacks are directed at the entire agreement, and if successful, may render the entire agreement void or voidable." *Id.* The Court clarified that if the defendants had brought such a voluntariness challenge, the "proper remedy might have been to vacate or allow withdrawal of the guilty pleas and reinstate the dismissed charges." *Id.* But that was not what happened—the defendants "did not attack their plea agreements." *Id.* Instead, the Court explained, the defendants accepted their guilty pleas as knowing and voluntary, but "the conduct to

5

which they pled guilty — the only conduct for which they were convicted and sentenced — is now insufficient as a matter of law to support their convictions." *Id*.

In other words, the defendants "did not recant their admissions to having committed the acts that formed the basis for the counts of conviction; they simply claimed, that after *Bailey* those acts were no longer crimes." *Id*. Thus, the Ninth Circuit concluded that the government was therefore not free to reinstate the dismissed counts. The Ninth Circuit reversed and remanded the case to the district court to dismiss the drug charges.

The circumstances here mirror those in *Sandoval-Lopez*. Like the defendants in Sandoval-Lopez, Mr. Chavis pled guilty to an offense under a plea agreement with the government. Just like *Sandoval-Lopez*, the government agreed to dismiss all other charges in the indictment in exchange for the guilty plea. As in *Sandoval-Lopez*, the government failed in the plea agreement to provide for any right to reinstate dismissed charges should the conviction be vacated. Just like in *Sandoval-Lopez*, the government assumed the risk that the law would change and render Mr. Chavis's conviction void. And just like the defendants in *Sandoval-Lopez*, Mr. Chavis never attacked the voluntariness of his guilty plea; rather, he challenged the validity of the conviction because the conduct to which he pled guilty is insufficient as a matter of law to support his conviction.

The government chose to charge Mr. Chavis with a conspiracy, elected to use that as the basis for his § 924(c) conviction in this case, and thus assumed the risk that a chance in the law would render those convictions unconstitutional. *See Sandoval-Lopez*, 122 F.3d at 802; *accord Archie*, 771 F.3d at 222. The government cannot avoid its obligations under the plea agreement. *See United States v. Peglara*, 33 F.3d 412, 414

6

(4th Cir. 1994) ("Because a government that lives up to its commitments is the essence of liberty under law, the harm generated by allowing the government to forego its plea bargain obligations is one which cannot be tolerated."); *see also United States v. Barefoot*, 754 F.3d 226, 246 (4th Cir. 2014) ("all ambiguities in the Plea Agreement are to be construed against the government as its drafter"); *United States v. Jordan*, 509 F.3d 191, 195-96 (4th Cir. 2007) ("Because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement, we analyze a plea agreement with greater scrutiny than we would apply to a commercial contract.") (internal quotation marks omitted); *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986) ("both constitutional and supervisory concerns require holding the Government to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in plea agreements").

**B. Reinstatement would violate Mr. Chavis's due process rights**.

Even if the plea agreement did not prevent reinstatement, the Fourth Circuit's decision in *United States v. Adams* does. 814 F.3d 178 (4th Cir. 2016). In *Adams*, due to a subsequent change in the law, the Fourth Circuit found that Adams was actually innocent of the felon-in-possession charge (18 U.S.C. § 922(g)) to which he pled guilty, and therefore, vacated the conviction. *Id*. at 184. However, the government asked the Fourth Circuit to reinstate the charges that the government dismissed as a part of the plea agreement. *Id*. at 184-85. The Fourth Circuit refused to do so upon holding that "[t]he government treads dangerously close to punishing Adams for pursuing what we have ultimately determined to be a meritorious claim of actual innocence." *Id*. at 185.

7

The Court did not allow such a "due process violation of the most basic sort." *Id.* (citation omitted).

The Court emphasized that "[j]ust as the criminal justice system must see the guilty convicted and sentenced to a just punishment, so too it must ferret out and vacate improper convictions." *Id.* As such, the Court concluded that Adams "should not remain convicted for a crime of which he is innocent." *Id.* The Court then entered a judgment in favor of Adams without giving the government any opportunity to reinstate dismissed charges. *Id.*

The same is true here. To establish actual innocence of a count of conviction, the petitioner must demonstrate that "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995) (internal quotation marks omitted). The Fourth Circuit and its sister circuits have uniformly held that this showing is satisfied when an intervening change in the law establishes that a petitioner has been "convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011); *Adams*, 814 F.3d at 183 (petitioner was actually innocent of his felon-in-possession conviction because intervening Fourth Circuit precedent established that he was no longer a felon).

For example, in *Adams*, the defendant claimed that in light of intervening Fourth Circuit precedent, he was actually innocent of his conviction for being a felon in possession in violation of 18 U.S.C. § 922(g). 814 F.3d at 183. Specifically, he claimed that after *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) — which redefined the meaning of "felony" under § 922(g) — none of his prior convictions could qualify as

8

"felonies." *Id*. In turn, he explained that the "felon" element of §922(g) could no longer be satisfied, and hence, he was actually innocent. *Id*.

The government answered that "although Adams may no longer be legally convicted of a violation of § 922(g) after *Simmons*, he remains, nonetheless, somehow still factually guilty." *Adams*, 814 F.3d at 183. In so arguing, the government cited to the Supreme Court's decision in *Bousley*, which held that "actual innocence" means "factual innocence, not mere legal insufficiency." 523 U.S. at 623. However, the Fourth Circuit rejected the government's argument upon concluding that "Adams, has indeed, shown 'factual innocence' as contemplated by *Bousley*." *Adams*, 814 F.3d at 183. The Court explained that Adams was factually innocent "because he has shown that it impossible for the government to prove one of the required elements of a § 922(g)(1) charge — that the defendant was a convicted felon at the time of the offense. This is so because [in light of *Simmons*] Adams was 'in fact' not a felon." *Id*.

Likewise, Mr. Chavis is innocent of the § 924(c) offense for which he was convicted. This is because there are no facts under which he could have been convicted for the charged offense. Under the categorical approach, federal arson and conspiracy, as the government concedes, never qualify as "crimes of violence." Therefore, "it is impossible for the government to prove one of the required elements" of § 924(c) — the "crime of violence" element. *Adams*, 814 F.3d at 183.

Indeed, several federal courts have relied precisely on this reasoning to find that defendants were actually innocent of § 924(c) offenses that could no longer be sustained after the demise of the residual clause in the § 924(c)(3) "crime of violence" definition. *See United States v. Reece*, ___ F.3d___, 2019 WL 4252238, at *3 n. 3 (5th Cir. 2019) (defendant was actually innocent of § 924(c) offense because it was predicated on

9

conspiracy to commit bank robbery, which no longer qualifies as a "crime of violence" after Davis); *Dota v. United States*, 368 F. Supp.3d 1354, 1363 (C. D. Cal. Oct. 30, 2018) (defendant was actually innocent of § 924(c) offense because it was predicated on conspiracy to commit a murder-for-hire, which no longer qualifies as a "crime of violence"); *United States v. Birdinground*, 2018 WL 3242294, at *10 (D. Mont. July 3, 2018) ("A defendant who uses or carries a firearm during and in relation that is neither 'a crime of violence' nor 'a drug trafficking crime' has not, in fact, violated § 924(c)" and therefore "is actually innocent"); *Becerra-Perez v. United States*, TJH-CV-16-07046 (C. D. Cal. Feb. 15, 2017) ("'A petitioner is actually innocent when he was convicted for conduct not prohibited by law.'); *Duhart v. United States*, 2016 WL 4720424, at *4 (S. D. Fla. Sept. 9, 2016) (finding actual innocence where petitioner's "§ 924(c) conviction relies on the fact that he was convicted of a predicate 'crime of violence' when he was actually not").

Because the government could never show one of the essential elements of Count Three, Mr. Chavis is actually innocent of the § 924(c) offense to which he pled guilty. *Adams* dictates that the government cannot punish Mr. Chavis for bringing this "meritorious claim of actual innocence" by reinstating the dismissed counts. *Adams*, 814 F.3d at 185. Doing so would be a "due process violation of the most basic sort." *Id.*

**C.** 18 U.S.C. § 3296 does not apply here.

The government also cannot revive the dismissed counts under 18 U.S.C. § 3296. That statute permits reinstatement of counts dismissed pursuant to a plea agreement, but only when "the *guilty plea* was subsequently vacated on the motion of the defendant." *Id.* at § 3296(a)(3) (emphasis added). Section 3296 by its express terms operates only to address any statute of limitations claim that a defendant might

otherwise have to bar the government from reinstating dismissed counts after he successfully moved to vacate his *guilty plea*. *See* 18 U.S.C. § 3296(b) ("Nothing in this section shall preclude the District Court from considering any defense or objection, other than statute of limitations, to the prosecution of the counts reinstated under subsection (a).")

That is not the case here. Mr. Chavis did not challenge his guilty plea. And his plea—like the plea agreement—has not been vacated. Instead, Mr. Chavis challenged his conviction on Count Three because it was legally insufficient to state a claim: "[A] plea of guilty does not bar a claim that the defendant's conviction is unconstitutional, 'no matter how validly his factual guilt is established' if the facts he pled guilty to are subsequently determined not to be criminal." *United States v. Barnhardt*, 93 F.3d 706, 708 (10 Cir. 1996) (quoting *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)). Because Mr. Chavis's guilty plea has not been "vacated on the motion of the defendant," Section 3296 does not apply.

### D. The government cites to inapposite authority related to directed verdicts that have no application here.

Finally, in support of its novel theory that this Court may substitute a "lesser-included" offense for the invalid conviction on Count Three, the government cites to a series of cases that have no place in the analysis here. *See Rutledge v. United States*, 517 U.S. 292, 305-06 (1996); *United States v. Sepulveda-Hernandez*, 752 F.3d 22, 28-31 (1st Cir. 2014); *United States v. Skipper*, 74 F.3d 608, 611-612 (5th Cir. 1996); *United States v. Smith*, 13 F.3d 380, 383 (10th Cir. 1993); *United States v. Figueroa*, 666 F.2d 1375, 1380 (11th Cir. 1982); *United States v. Swiderski*, 548 F.2d 445, 452 (2d Cir. 1977).

11

In these cases, appellate courts directed entry of judgment for a lesser-included offense when a greater offense was reversed on grounds that did not affect the greater offense. *Id*. But these decisions plainly do not apply to the instant case for two independent reasons.

*First*, these cases involved convictions by jury trial, in which the government was not burdened by any promises made in a plea agreement. *Id*. In stark contrast, here, the government entered a plea agreement in which it promised to dismiss the lesser-included arson offense—a promise that it must keep. Therefore, the plea agreement bars the reinstatement of the charges that a jury trial may not.

*Second*, the directed verdicts in these cases were authorized by 28 U.S.C. § 2106 — a statute which solely gives "[t]he Supreme Court or any other court of *appellate jurisdiction*" authority to direct the verdict. *Id*. (emphasis added). Nothing in the rule permits the *district court* to enter such verdict. Simply put, no authority exists permitting this Court to reinstate Count One under the guise of the now-invalid Count Three.

## CONCLUSION

For the reasons set forth above, Mr. Chavis respectfully requests that this Court vacate his § 924(c) conviction and the judgment in this case.

Respectfully requested this 28th day of October, 2019.

                G. ALAN DUBOIS
                Federal Public Defender

                /s/ Sherri Royall Alspaugh
                SHERRI ROYALL ALSPAUGH
                First Assistant Federal Public Defender
                Attorney for Defendant

Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Sherri_Alspaugh@fd.org
N.C. State Bar No. 17581
LR 57.1 Counsel
Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

DENNIS M. DUFFY
Assistant United States Attorney
150 Fayetteville St., Suite 2100
Raleigh, NC 27601

GARY DEAN CHAVIS
Reg. No. 70203-056
USP Victorville
United States Penitentiary
P. O. Box 3900
Adelanto, CA 92301

by electronically filing the foregoing with the Clerk of Court on October 28, 2016, using the CM/ECF system which will send notification of such filing to the above. Service of the Motion to Vacate pursuant to 28 USC Sec. 2255 and the Memorandum in Support was made on Mr. Chavis by U.S. Mail.

This the 28th day of October, 2019.

G. ALAN DUBOIS
Federal Public Defender

/s/ Sherri Royall Alspaugh
SHERRI ROYALL ALSPAUGH
First Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Sherri_Alspaugh@fd.org
N.C. State Bar No. 17581
LR 57.1 Counsel
Appointed